UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

FILED

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) | 2011 APR 20 A 9:34 |
| ) Plaintiff, ) | CLERK US... |
| v. ) | Civil Action No: 1:11 CV/422 |
| ) TERRY M. PHILLIPS, ) | AJT/IDD |
| ) Defendant. ) | |

## COMPLAINT

The Securities and Exchange Commission (the "SEC" or "Commission") alleges as follows:

### Summary

1. This matter involves the failure by Terry M. Phillips, chairman of the board of directors of SouthPeak Interactive Corporation ("SouthPeak"), to ensure the adequate disclosure of a related party transaction that Phillips conducted with SouthPeak. Phillips violated a provision of the Securities Exchange Act of 1934 ("Exchange Act") prohibiting materially false or misleading statements to an accountant, and Phillips aided and abetted SouthPeak's violations of the financial reporting, recordkeeping, and internal controls provisions of the Exchange Act.

2. In February 2009, Phillips used personal funds to pay for the purchase of inventory for SouthPeak. In violation of SouthPeak's internal policy, Phillips failed to bring the proposed payment to the attention of the Audit Committee of SouthPeak's board of directors for its approval. Phillips also failed to ensure that the related party transaction was properly and accurately recorded in SouthPeak's books and records and disclosed in the relevant periodic report that SouthPeak filed with the Commission.

Further, Phillips signed a management letter to SouthPeak's outside auditor representing that all related party transactions had been disclosed for the quarter ended March 31, 2009, even though Phillips' use of his personal funds to purchase inventory for SouthPeak had not been disclosed to the auditor.

3. Unless restrained and enjoined by this Court, Phillips is likely in the future to commit transactions, acts, practices, and courses of business of a type and object similar to those described herein.

## Jurisdiction And Venue

4. The Court has jurisdiction over this action pursuant to Sections 21(e), 21A, and 27 of the Exchange Act [15 U.S.C. §§ 78u(e), 78u-1, and 78aa].

5. Venue lies in this Court pursuant to Section 27 of the Exchange Act [15 U.S.C. § 78aa] because certain acts and transactions constituting the violations occurred in this district.

6. Defendant has directly or indirectly made use of the means or instrumentalities of interstate commerce or of the mails in connection with the transactions described in this Complaint.

## Defendant

7. Terry M. Phillips ("Phillips"), age 52, is the chairman of the board of directors of SouthPeak. In 2007, the Commission filed a settled cease-and-desist proceeding against Phillips, and a settled civil injunctive action against his company, Capitol Distributing, L.L.C., for aiding and abetting financial fraud by Take-Two Interactive Software, Inc. ("Take-Two") by agreeing to warehouse merchandise that Take-Two falsely reported as sales. In the cease-and-desist proceeding, Phillips

2

consented to the issuance of an order by the Commission directing him to cease and desist from committing or causing any violations and any future violations of Section 10(b) of the Exchange Act, and Rules 10b-5 and 13b2-1 thereunder, and from causing any violations and any future violations of Sections 13(a) and 13(b)(2)(A) of the Exchange Act and Rules 12b-20, 13a-1, and 13a-13 thereunder. The cease-and-desist order against Phillips was in force at all relevant times and remains in force through the present. Phillips also paid a civil penalty of $50,000 in connection with those proceedings.

### Related Parties

8. SouthPeak Interactive Corporation is a video game publisher headquartered in Midlothian, Virginia. SouthPeak's common stock is registered with the Commission pursuant to Section 12(g) of the Exchange Act, and is listed on the OTC Bulletin Board under the symbol "SOPK."

### Factual Allegations

11. SouthPeak develops and publishes video games for a number of video game platforms, including the PlayStation, xBox, and Wii devices. SouthPeak provides software specifications to hardware vendors that manufacture the video game cartridges that SouthPeak subsequently distributes for retail sale.

12. In February 2009, Phillips and SouthPeak's chief executive officer ("CEO") determined to order additional units of a popular video game from a video game manufacturer ("the Manufacturer"). However, SouthPeak lacked sufficient funds and accessible lines of credit to pay for the purchase at that time. Phillips indicated to the

3

CEO that he was willing to advance funds for the purchase of the units from his personal funds.

14. On February 13, 2009, Phillips' assistant sent a wire transfer of $307,440 from Phillips' personal account to the Manufacturer in payment for 50,400 units of the video game.

15. After making the wire transfer, Phillips' assistant informed SouthPeak's vice president of operations ("VPO") that the payment had been made with Phillips' personal funds. The VPO was responsible for ensuring the proper recording of accounts payable in SouthPeak's books and records.

16. The VPO, however, failed to take steps to ensure that the payment was properly recorded, and, after questions were raised internally at SouthPeak concerning the payment, the VPO also instructed her subordinate not to inform SouthPeak's chief financial officer ("CFO") that Phillips had made the payment with his personal funds.

17. SouthPeak's internal accounting policy, which was in effect during the relevant time, requires that the Audit Committee of the Board review and approve all related party transactions. Although Phillips was aware of this policy, Phillips failed to bring his proposed payment to the attention of the Audit Committee of the Board prior to engaging in the transaction. Phillips likewise failed to ensure that the related party transaction was properly and accurately recorded in SouthPeak's books and records and disclosed in the relevant periodic report filed with the Commission. Phillips did not profit from the transaction.

18. In connection with the review and filing of SouthPeak's quarterly report on Form 10-Q for the quarter ended March 31, 2009, Phillips signed a management letter

4

to SouthPeak's outside auditor representing that all related party transactions had been disclosed. Phillips' payment to the Manufacturer from his personal funds, however, had not been disclosed to the auditor.

19. SouthPeak's quarterly report on Form 10-Q for the quarter ended March 31, 2009, did not disclose Phillips' payment as a related party transaction. By failing to disclose that SouthPeak had insufficient funds and lines of credit at its disposal with which to purchase new inventory and that, as a result, SouthPeak had engaged in a related party transaction with its chairman in order to acquire new inventory, the company omitted from its quarterly report material facts regarding a decrease in the company's liquidity.

20. On September 11, 2009, SouthPeak filed an amended quarterly report on Form 10-Q/A for the quarter ended March 31, 2009, in which it disclosed Philips' payment as a loan to the company and acknowledged material weaknesses in SouthPeak's internal controls.

### FIRST CLAIM

**Aiding and Abetting Violations of Exchange Act
Section 13(a) and Rules 12b-20 and 13a-13 Thereunder**

21. The Commission incorporates paragraphs 1 through 20 with the same force and effect as if set out here.

22. By reason of the foregoing, SouthPeak filed with the Commission a quarterly report on Form 10-Q for the quarter ended March 31, 2009, that omitted material facts in violation of the financial reporting provisions of the Exchange Act, Section 13(a) [15 U.S.C. § 78m(a)] and Rules 12b-20 and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-13].

23. By reason of his conduct described above, Phillips knowingly provided substantial assistance to SouthPeak's violation of Exchange Act Section 13(a) and Exchange Act Rules 12b-20 and 13a-13.

## SECOND CLAIM

### Aiding and Abetting Violations of Exchange Act Section 13(b)(2)(A)

24. The Commission incorporates paragraphs 1 through 20 with the same force and effect as if set out here.

25. By reason of the foregoing, SouthPeak failed to make and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect its transactions and dispositions of its assets, in violation of the books and records provision of the Exchange Act, Section 13(b)(2)(A) [15 U.S.C. § 78m(b)(2)(A)].

26. By reason of his conduct described above, Phillips knowingly provided substantial assistance to SouthPeak's violation of Exchange Act Section 13(b)(2)(A).

## THIRD CLAIM

### Aiding and Abetting Violations of Exchange Act Section 13(b)(2)(B)

27. The Commission incorporates paragraphs 1 through 20 with the same force and effect as if set out here.

28. By reason of the foregoing, SouthPeak failed to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that transactions are recorded as necessary to permit preparation of financial statements in accordance with generally accepted accounting principles or any other criteria applicable

to such statements, in violation of the internal controls provision of the Exchange Act, Section 13(b)(2)(B) [15 U.S.C. § 78m(b)(2)(B)].

29. By reason of his conduct described above, Phillips knowingly provided substantial assistance to SouthPeak's violation of Exchange Act Section 13(b)(2)(B).

## FOURTH CLAIM

### Violations of Rule 13b2-2 of the Exchange Act

30. The Commission incorporates paragraphs 1 through 20 with the same force and effect as if set out here.

31. Phillips, as an officer of SouthPeak, directly or indirectly omitted to state, or caused another person to omit to state, material facts necessary in order to make statements made, in light of the circumstances under which they were made, not misleading to SouthPeak's accountants in connection with their review of SouthPeak's quarterly report on Form 10-Q for the quarter ended March 31, 2009.

32. By reason of the foregoing, Phillips violated Exchange Act Rule 13b2-2 [17 C.F.R. § 240.13b2-2].

### Relief Requested

**WHEREFORE**, the Commission respectfully requests that this Court:

### I.

### Permanent Injunctive Relief

A. Enter an Order permanently enjoining Phillips from aiding and abetting violations of Sections 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act, and Rules 12b-20 and 13a-13 thereunder; and

B. Enter an Order permanently enjoining Phillips from violations of Rule 13b2-2 of the Exchange Act.

II.

### Order Requiring Compliance With Prior Commission Cease-and-Desist Order

Enter an Order requiring Phillips to comply with the Order Instituting Cease-and-Desist Proceedings, Making Findings, and Imposing a Cease-and-Desist Order Pursuant to Section 21C of the Securities Exchange Act of 1934 that was issued against Phillips by the Commission on May 2, 2007.

III.

### Civil Monetary Penalty

Enter an Order directing Phillips to pay a civil penalty pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

Dated: April 20, 2011                   Respectfully submitted,

_____
Erica Y. Williams (VSB# 43303)
Antonia Chion
Yuri B. Zelinsky
Osman A. Handoo
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
Tel: 202-551-4450 (Williams)
     202-551-4769 (Zelinsky)
     202-551-4536 (Handoo)
Fax: 202-772-9227
Email: williamse@sec.gov
       zelinskyy@sec.gov
       handooo@sec.gov

Attorneys for Plaintiff

8