IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



ANDREA GAIL JONES,

    Plaintiff,

v.                            Civil Action No. 3:12cv443

SOUTHPEAK INTERACTIVE
CORPORATION OF DELAWARE,
et al.,

    Defendants.

**MEMORANDUM OPINION**

This matter is before the Court on the PLAINTIFF'S MOTION FOR PRE-JUDGMENT AND POST-JUDGMENT INTEREST ON AWARD OF BACK PAY AND FOR FRONT PAY IN LIEU OF REINSTATEMENT (Docket No. 147).[1] The Plaintiff has submitted a Memorandum in Support of the Motion ("Memorandum," Docket No. 148), to which the Defendants have submitted a Response in Opposition ("Opposition," Docket No. 153). The Plaintiff has also filed a Reply to the Defendant's Opposition ("Reply," Docket No. 155).

**Factual and Procedural Background**

This action arises out of Andrea Jones' ("Jones") tenure, and termination, as Chief Financial Officer ("CFO") of

---

[1] This opinion is limited to consideration of the interest sought by the Plaintiff. A subsequent opinion will address the issue of front pay.

1

SouthPeak, a publisher of video games based in Midlothian, Virginia. Jones was named SouthPeak's Chief Financial Officer in October 2007. At all times relevant to this action, Terry M. Phillips ("Phillips") was Chairman of the Board of SouthPeak and Melanie J. Mroz ("Mroz") was the President, Chief Executive Officer, and a Director of SouthPeak.

In February 2009, Phillips and Mroz agreed that Philips would advance $307,400 of his personal funds to enable SouthPeak, which was otherwise financially unable to do so, to purchase for its inventory 50,400 units of a computer game from Nintendo. After SouthPeak received shipment of the Nintendo games, the Vice-President of Operations at SouthPeak, Patrice Strachan, after talking with Phillips, instructed: (a) that the inventory be reflected on the books of the company, but (b) that the advance made by Phillips not be listed on SouthPeak's books as a payable or a liability. Strachan also directed that no one discuss the advance with Jones.

As a result, SouthPeak's quarterly financial report to the Securities and Exchange Commission ("SEC") reflected the inventory, including some sales thereof, but did not reflect the cost of purchasing that inventory. At some point toward the end of May 2009, Jones became aware of this discrepancy. Based on her conversations with persons at the company, Jones concluded

that the failure to report the advance was part of an attempt to inflate SouthPeak's reported profits.

Between June 2009 and August 2009, Jones made several reports about the financial irregularity to the Audit Committee of SouthPeak's Board of Directors and to the company's outside counsel, none of which led to any remedial action. On August 12, 2009, Jones filed a complaint with the Enforcement Division of the SEC. On August 14, 2009, Phillips and Mroz informed Jones that she was being terminated effective immediately.

On April 21, 2011, the SEC initiated cease-and-desist proceedings against SouthPeak and a SouthPeak officer who was not a defendant in this action.[2] The result of the SEC's investigation was a Consent Order, finding that SouthPeak and the named corporate officer violated Sections 13(a), 13(B)(2)(A) and 13(b)(2)(B) of the Securities and Exchange Act, and ordering the responsible parties to cease-and-desist from future violations of the Act. The factual basis for the SEC's finding of securities law violations was the unreported payment by Phillips that had initially aroused Jones's concerns.

Believing that her termination violated the anti-retaliation provision of the Sarbanes-Oxley Act of 2002, Pub. L. No. 107-204, 116 Stat. 745 (2002)("SOX"), Jones timely filed an

---

[2] Phillips was named as a relevant person in the proceedings, but was not a named defendant. Mroz was not named in the proceedings.

3

administrative complaint with Occupational Safety and Health Administration ("OSHA") as required by SOX. See 18 U.S.C. § 1514A(b)(1)(A) and 29 C.F.R. § 1980.103. On July 23, 2010, Jones notified OSHA of her intention to pursue the matter in the district court as permitted by SOX, 18 U.S.C. § 1514A(b)(1)(B). On June 18, 2012, Jones filed this action against SouthPeak as well as Phillips and Mroz alleging that she had been terminated in retaliation for her report to the SEC and seeking relief as provided in SOX, codified at 18 U.S.C. § 1514A, and the Dodd-Frank Wall Street Reform Act of 2010, codified at 15 U.S.C. § 78u-6. After the Court dismissed Jones' claim for relief under the Dodd-Frank Act, Jones' claim for relief under SOX proceeded to trial.

Jones claimed that she was terminated in retaliation for her whistleblowing activity. All three Defendants were represented by the same lawyer. All three defended in large measure on the theory that Jones' employment was terminated because she was incompetent. Phillips and Mroz also defended on the additional theory that they had done nothing wrong and therefore were not liable even if the corporation was.

On July 18, 2013, after a four-day trial, the jury returned a finding that all three Defendants were liable to Jones. The jury awarded Jones $593,000 in back pay against SouthPeak, $178,500 in compensatory damages against Phillips, and $178,500

4

in compensatory damages against Mroz. The Plaintiff promptly filed this motion seeking pre-judgment and post-judgment interest on the back pay award. The Court subsequently amended the judgment to reflect an award of $470,000 in back pay and $123,000 in compensatory damages against SouthPeak, and remitted the awards against Mroz and Phillips to $50,000 against each defendant. (Docket Nos. 169, 170).

## Discussion

### 1. Calculation of Interest on the Back Pay Award

Under 18 U.S.C. § 1514A(c), a prevailing employee is entitled to back pay with interest. See 18 U.S.C. § 1514A(c). This interest is calculated using the interest rate applied to underpayment of taxes under 26 U.S.C. § 6621 (the Federal short-term rate plus three percentage points) and is compounded daily. See Procedures for the Handling of Retaliation Complaints Under Section 806 of the Sarbanes-Oxley Act of 2002, as Amended, 76 Fed. Reg. 68084, 68088 (Nov. 3, 2011). On September 30, 2013, the Internal Revenue Service issued its Revenue Ruling for the fourth quarter of 2013, including the underpayment rates from January 1, 1999 to the Present. Rev. Rul. 2013-16.

### a. Pre-judgment Interest

The Plaintiff has based her calculations of pre-judgment interest on the interest rate calculation and compounding process described above. See Mem. at 2. However, the plaintiff

5

has also relied on an administrative decision that has been partially superseded by Department of Labor regulations. See Mem. at 2 (citing Doyle v. Hydro Nuclear Services, ARB Nos. 99-041, 99-042, 00-012, 89-ERA-22 (ARB May 17, 2000)); Procedures for the Handling of Retaliation Complaints Under Section 806 of the Sarbanes-Oxley Act of 2002, as Amended, 76 Fed. Reg. 68084, 68088 (Nov. 3, 2011) (noting that the daily compounding of interest represents a departure from Doyle). Doyle compounded the applicable interest rate on a quarterly basis and also distributed the plaintiff's back pay on a quarterly basis. The Plaintiff here has, consistent with the Department of Labor regulations, compounded interest on a daily basis, but has followed the procedure of Doyle in distributing back pay on a quarterly basis. The Defendants have not objected to this hybrid interest calculation method. The Court's previous opinion (Docket No. 169) having reduced the size of the back pay award to $470,000, the Court accepts the Plaintiff's calculated pre-judgment interest of $38,898.86 for that sum. (See Docket No. 168)

### b. Post-Judgment Interest

The Defendants having made no objection to the Plaintiff's method of calculating post-judgment interest, the Court approves the post-judgment interest calculation on the principle of $470,000, compounded daily on the underpayment rate authorized

6

by 18 U.S.C. § 6621. Interest will be calculated from the date of the jury's verdict on July 18, 2013.

## CONCLUSION

For the foregoing reasons, PLAINTIFF'S MOTION FOR PRE-JUDGMENT AND POST-JUDGMENT INTEREST ON AWARD OF BACK PAY AND FOR FRONT PAY IN LIEU OF REINSTATEMENT (Docket No. 147) will be granted in part as follows: (1) the Court accepts the Plaintiff's calculated pre-judgment interest rates and total pre-judgment interest on the jury's back pay award; (2) the Court accepts the Plaintiff's calculated post-judgment interest rate on the jury's back pay award.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October 30, 2013